## DUBONNET WINE CORPORATION et al. v. ATLAS IMPORT & EXPORT CORPORATION.

District Court, S. D. New York.
May 17, 1943.

Mock & Blum, of New York City (Asher Blum, of New York City, of counsel), for plaintiffs.

Henry J. Buchman, of New York City, for defendant.

RIFKIND, District Judge.

The Court: Well, gentlemen, I am ready to dispose of the principal issues as you have indicated them to me. I do not think I will know more about them after I examine these bottles under the microscope.

I find that Debonair is a colorable simulation of Dubonnet as an abstract name or symbol for the product. The fact that both are written in the same type helps me to reach the same conclusion. The fact that Debonair, which is also an English word, is given a French appearance by the accent on the "e," confirms my conclusion that the intention is to give it a French accent which Dubonnet manifestly has.

On the question of common law unfair competition, I find that there is sufficient evidence here to the effect that the defendant did try to pass off. I base that particularly on the simulation of the labels exclusive of the use of the word Debonair; the fact that both labels have a pictorial representation in circular form; that both labels use the word "Wine" in very similar type; the fact that one is green and red and the other is purple and green; the fact that both have a crescent with the instruction to chill the contents of the bottle; the fact that both have white metal-like labels, one representing "made in 1846" and the other "connoisseurs' choice", but so placed as to give the same visual impression; the fact that on the reverse side of the bottle both show a cocktail glass with instructions on how to mix, in the one case a Dubonnet Cocktail and the other a Debonair Cocktail; the fact that French was used in the advertisement bears out also that a very serious attempt was made apparently to lead the public to believe that Debonair was a French product, and I think that the only reason for accomplishing that was to associate it in the minds of the consuming public with Dubonnet, which was at that time known as a French product.

I consequently conclude that the plaintiff has established an infringement of its common law as well as its trade-mark rights, and you may submit more formal findings if you desire them, as I suppose you will, with a decree for the plaintiff. I suppose you would desire an accounting?

Mr. Blum: Yes. We would like to have an accounting since April 11, 1941, when they got notice of our rights. Before that I do not think we are entitled to it, because we did not mark our product registered U. S. Patent Office but after that we want an accounting.

The Court: Very well. You may submit them, and you may serve a copy of your proposed findings on your adversary, and I will receive comments from the defendant's counsel thereon.

Mr. Buchman: Your Honor, off the record.

The Court: No. There is not anything off the record.

Mr. Buchman: All right. On the record. It happened nowhere in the testimony of either the plaintiff or the defendant in this case where reference was made to the common use, or lack of common use of back labels, neck labels, or anything else, and if I heard you correctly in the findings you put special stress on certain of those neck labels and back labels existing. I do not think that there is any testimony to that effect.

The Court: These bottles are in evidence, and I suppose anybody can draw inferences from the exhibits which are in evidence and from any part of them. I did not understand that only the front part of the bottle was offered in evidence.

Mr. Buchman: Oh, no, not at all, but my reference is specifically to the fact of neck labels and back labels.

The Court: It is very commonplace, of course, and the Court takes notice of the fact. That a commonplace name is used is not in itself conclusive. When used in combination with other facts so as to create a composite picture which is conducive to deception, it then becomes significant, and

I think that is the fact in this case. It is true that the crescent shape label is not at all unusual; it is true that instructions for mixing cocktails as contained on the label of a bottle are not at all rare or unusual, but when you combine all of those facts in a common aggregate you have a situation where you are trespassing on the other man's good will. That is the fact as I find it in this case.